UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO BATTON,<br><br>      Plaintiff,<br><br>   v.<br><br>D. DIMMER, *et al*.<br><br>      Defendants. | Case No. 1:23-cv-01532-JLT-CDB<br><br>ORDER CONSOLIDATING CASES PURSUANT TO FED. R. CIV. P. 42(a) |
| MARIO BATTON,<br><br>      Plaintiff,<br><br>   v.<br><br>A. ZARATE, *et al*.<br><br>      Defendants. | Case No. 1:21-cv-00571-JLT-CDB<br><br>ORDER CONSOLIDATING CASES PURSUANT TO FED. R. CIV. P. 42(a) |

On April 5, 2021, Plaintiff Mario Batton ("Plaintiff"), in pro per, filed a complaint in the Eastern District of California, *Batton v. Zarate*, *et al*., No. 1:21-cv-00571-JLT-CDB. On April 16, 2021, Plaintiff filed a first amended complaint. On October 18, 2021, Plaintiff, in pro per filed a complaint in Kings County Superior Court, *Batton v. CDCR, et al.*, No. 21C-0323. Thereafter, Plaintiff filed three amended complaints in the Kings County Superior Court action.

1

On November 3, 2023, Defendants D. Dimmer, A. Zarate, P. Permejo, Dr. R. Scharffenberg, M. Mata, and California Department of Corrections & Rehabilitation ("Defendants") removed the Kings County action to this Court. (Doc. 1). Defendants requested that the Court consolidate the removed action with *Batton*, No. 1:21-cv-00571-JLT-CDB, under Rule 42 of the Federal Rules of Civil Procedure for all purposes. Defendants asserted the actions raise the same common questions of law and fact, as both litigations arise out of an alleged April 9, 2020, use-of-force incident and Plaintiff's subsequent medical treatment. That same day, Defendants filed a notice of related cases.

On January 8, 2024, the Court directed the parties to meet and confer and file a joint report setting forth the parties' positions regarding consolidation. On January 16, 2024, the parties filed a joint status report noting the parties deemed consolidation appropriate, and that the third amended complaint in *Batton v. Dimmer, et al.*, No. 1:23-cv-01532-JLT-CDB, shall be the operative complaint.

When multiple actions pending before a court involve common questions of law or fact, the court may order a joint hearing or trial of any or all matters at issue in the actions; consolidate the actions; and/or issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). The court has "broad discretion" to determine whether and to what extent consolidation is appropriate. *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016) (*citing Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). "Typically, consolidation is a favored procedure." *Blount v. Boston Scientific Corporation*, No. 1:19-cv-00578-AWI-SAB, 2019 WL 3943872, *2 (E.D. Cal. Aug. 21, 2019) (*citing In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 491 (C.D. Cal. 2012)). In deciding whether to consolidate actions, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

Here, the Court finds there are significant and substantial common issues of fact and law that warrant consolidation under Rule 42(a). Further, the benefit of consolidation would reduce the burden on judicial resources, the parties, and the witnesses, eliminate the risk of inconsistent adjudications,

avoid prejudice, and allow for the orderly and expeditious resolution of both cases to consolidate the actions into one proceeding.

Accordingly, IT IS HEREBY ORDERED:

1. The actions denominated as *Batton*, No. 1:23-cv-01532-JLT-CDB, and *Batton*, No. 1:21-cv-00571-JLT-CDB are CONSOLIDATED under Rule 42(a) for all purposes;
2. All future filings in the consolidated action shall be submitted under lead case No. 1:23-cv-01532-JLT-CDB;
3. Plaintiff's third amended complaint (Doc. 1 at 50-62), shall serve as the operative complaint in this consolidated action; and
4. Defendants shall have until February 2, 2024, to file a motion or answer to the third amended complaint.

IT IS SO ORDERED.

Dated:   **January 17, 2024**

UNITED STATES MAGISTRATE JUDGE