UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO BATTON,<br><br>           Plaintiff,<br><br>   v.<br><br>D. DIMMER, *et al*.<br><br>           Defendants. | Case No.: 1:23-cv-01532-JLT-CDB<br><br>ORDER DENYING AS MOOT MOTION TO WITHDRAW AS ATTORNEY<br><br>(Doc. 21)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(A)(1)<br><br>(Docs. 16, 26)<br><br>14-DAY OBJECTION DEADLINE |

**Background**

On April 5, 2021, Plaintiff Mario Batton ("Plaintiff"), in pro per, filed a civil rights action in the Eastern District of California. *Batton v. Zarate, et al.*, No. 1:21-cv-00571-JLT-CDB. On October 18, 2021, Plaintiff, in pro per, filed a civil rights action in the Superior Court of California, County of Kings. *Batton v. CDCR, et al.*, No. 21C-0323. Plaintiff filed amended complaints in both actions.

In October 2022, Plaintiff substituted Johnny L. Griffin, III, and the Law Offices of Johnny L. Griffin III, as counsel in the federal and the Kings County actions. Thereafter, Plaintiff, through counsel, filed a second and third amended complaint in the Kings County

1   action.  On November 3, 2023, Defendants D. Dimmer, A. Zarate, P. Permejo, Dr. R.
2   Scharffenberg, M. Mata, and the California Department of Corrections & Rehabilitation
3   ("Defendants") removed the Kings County action to this Court.  *Batton v. D. Dimmer, et al.*, No.
4   1:21-cv-01532-JLT-CDB (Doc. 1).

5       On January 5, 2024, the Court related both of Plaintiff's federal actions (Nos. 1:21-cv-
6   00571 and 1:23-cv-01532), and shortly afterwards, consolidated the cases.  (Docs. 9-12).
7   Defendants filed an answer to Plaintiff's complaint on February 9, 2024.  (Doc. 14).  Plaintiff
8   died on December 29, 2023.  (Doc. 8).  On February 16, 2024, Counsel Manolo Olaso of the Law
9   Offices of Johnny L. Griffin, III, filed a suggestion of death of Plaintiff pursuant to Fed. R. Civ.
10  P. 25(a)(1).  (Doc. 16).

11      Counsel for Plaintiff filed a motion to withdraw as attorney on April 10, 2024.  (Doc. 21).
12  On April 15, 2024, the parties filed a joint scheduling report.  (Doc. 23).  Counsel for Plaintiff
13  identified at least two potential successors/representatives: Plaintiff's surviving spouse Bridgette
14  Y. Givens, and Plaintiff's surviving children.  *Id*.  On April 18, 2024, the Court convened a
15  scheduling conference for this consolidated action.  (Doc. 24).  Counsel Manolo Olaso appeared
16  on behalf of Plaintiff and Counsel Erick Rhoan appeared on behalf of Defendants.  *Id*.  The Court
17  discussed with Counsel for Plaintiff his efforts to identify and serve on non-parties the notice of
18  suggestion of death.  *Id*.  Defendants filed an opposition to the motion to withdraw on April 24,
19  2024.  (Doc. 25).  That same day, Counsel for Plaintiff filed a proof of service of notice and
20  suggestion of death of Plaintiff to Ms. Givens.  (Doc. 26).  Counsel for Plaintiff filed a reply in
21  support of the motion to withdraw on May 6, 2024.  (Doc. 27).  Ms. Givens and no other party
22  filed a motion for substitution or any other response to the notice of suggestion of death, and the
23  deadline to do so has passed.

24      **Governing Legal Standard**

25      Federal Rule of Civil Procedure 25(a)(1) sets forth the procedures for substitution of
26  parties as successors-in-interest and provides:

27
28
> "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a

statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1); *see Stengel v. Medtronic Inc.*, 306 F.R.D. 230, 232 (D. Ariz. 2015) ("Rule 25(a) of the Federal Rules of Civil Procedure prescribes the procedures for substituting a party when a party in pending litigation dies during the course of litigation.").

Two things are required of a party for the running of the 90-day period to commence: a party must (1) formally suggest the death of the party on the record, and (2) serve the suggestion of death on the other parties and the nonparty successors or representatives of the deceased. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  A non-party successor or representative of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of summons.  Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232-34.  Rule 25 requires dismissal absent a motion for substitution within the 90-day period only if the statement of death was properly served.  *Unicorn Tales, v. Banerjee*, 138 F.3d 467, 469-71 (2d Cir. 1998); *see Summerfield v. Fackrell*, No. 2:10-2884 WBS EFB, 2012 WL 113281, at *2 (E.D. Cal. Jan. 11, 2012) (before the 90-day period begins to run, the suggestion of death must be filed on the record and served to the other parties).

**Discussion**

As noted above, the suggestion of death of Plaintiff was filed on February 16, 2024. (Doc. 16).  Thereafter, Counsel for Plaintiff personally served Ms. Givens on April 24, 2024, as required under Rule 4.  (Doc. 26).  Thus, the 90-day period began to run on April 24, 2024.  No motion for substitution was filed within the 90-day period.  Consequently, the claims by Plaintiff and this action must be dismissed.  Fed. R. Civ. P. 25(a)(1).

**Conclusion and Recommendation**

Based on the foregoing, it is HEREBY ORDERED, that the motion to withdraw as attorney (Doc. 21) is DENIED AS MOOT.

And IT IS HEREBY RECOMMENDED, that this case be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1).

///

///

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 29, 2024**

UNITED STATES MAGISTRATE JUDGE